### SCHLEYER v. NEW BRAUNFELS STATE BANK. (No. 6740.)

(Court of Civil Appeals of Texas. San Antonio. April 12, 1922.)

Banks and banking ⬥⟾227(3)—Finding that bank was not negligent in failing to more promptly deliver check sustained.

In action by payee of check against a bank which had delivered it to him after receiving it as his agent from another, facts *held* to warrant finding that defendant was not negligent in failing to promptly deliver the check or in failing to forward it to the paying bank for collection.

Appeal from District Court, Comal County; M. C. Jeffrey, Judge.

Action by Ed Schleyer against the New Braunfels State Bank. Judgment for defendant, and plaintiff appeals. Affirmed.

R. E. McKie, of San Marcos, and Martin Faust, of New Braunfels, for appellant.

Henne & Fuchs, of New Braunfels, for appellee.

SMITH, J. Appellant, Ed Schleyer, executed to one McMullen an oil and gas lease upon 2,000 acres of land in Comal county. The lease contained a provision that the lessee had the option of extending the term of the lease from July 10, 1920, to July 10, 1921, by paying a rental of $500 on or before the date first specified; or of refusing to pay the rental, thus forfeiting the lease. It was provided that the rental should be paid, either to Schleyer in person, or by depositing the amount in the New Braunfels State Bank, to Schleyer's credit, on or before July 10, 1920. On July 7, 1920, P. O. Eckels, of Wichita Falls, who had purchased the lease from McMullen, desiring to exercise his option to continue the lease in force, mailed to the New Braunfels bank his personal check for $500, which was drawn on a Wichita Falls bank, and payable to the order of the New Braunfels bank. The check was accompanied by a letter from Eckels stating the purpose of the check, and asking the bank to procure Schleyer's receipt. The check also bore a notation showing its purpose. This letter and check reached the bank on July 8, or possibly the next day. The bank did not cash the check or place the proceeds to Schleyer's credit, but delivered it to him, and took his receipt therefor. This was not done, however, until August 14th, five weeks after the bank's receipt of the check from Eckels. Schleyer then took the check and deposited it with the First National Bank of New Braunfels, for collection. When, in due course, it was presented to the Wichita Falls bank, its payment was refused, upon instructions received by the latter bank from Eckels a few days prior to presentation. This suit was brought by Schleyer against the New Braunfels State Bank alone for the amount of the check, $500, and interest, alleging that, because of the negligence of the bank in failing to promptly deliver the check to him, or forward it to the paying bank for collection, he had been damaged in the amount of the check. The only issue submitted to the jury was whether or not the bank was negligent in handling the item. The jury answered in the negative, and judgment was accordingly rendered in favor of the bank. Schleyer has appealed.

The testimony in the record warranted the jury in finding these facts: That the New Braunfels bank knew nothing of the contract between Schleyer and Eckels until it received the check from Eckels, accompanied by a letter advising that Schleyer would call and receipt for the rental payment; that the officials of the bank promptly called for Schleyer at his place of business, and, failing to get him, left word for him to call the bank; that, upon Schleyer's failure to call the bank, its officials called for him again on two or three occasions, and that he finally did come to the bank on August 14th, and accepted and receipted for the payment; that the bank offered to forward the check direct to Wichita Falls for collection, in which event it would have been paid, but that Schleyer refused this offer, and took the check to another bank, which delayed its presentation and resulted in its dishonor. We think these facts warranted the jury's finding that the bank was not negligent in the transaction, and this finding in turn warranted the judgment in favor of the bank. Several questions of law are raised and discussed in the briefs, and, while they are quite interesting, they are nevertheless merely incident to the main question, and become immaterial in view of the jury finding.

The judgment is affirmed.